Labauve, J.
On the 15th of February, 1860, the defendant executed his two promissory notes in favor of Autrer, Harrison & Co., each for $4,000, with eight per cent, interest, from maturity, payable, respectively, eleven and thirteen months after date, and secured by a mortgage on certain property in Shreveport, Louisiana, with a stipulation in the act of mortgage, that the debtor should pay three per cent, as attorney’s fees in case executory proceedings should be resorted to for payment. The notes were endorsed in blank by the payees, one to Violett & Co., and tho other, to the Union Bank; Violett, afterwards became holder of both notes.
On the 4th December, 1865, M. Baer, tho maker, drew a draft for each of said notes, in favor of said Violett & Co., the holders, on the plaintiffs Levy & Dieter; both drafts being of the same tenor, accept as to amount and time of payment, as follows:
“$5,497 95. New Orleans, Dec. 4th, 1865.
On or before the 18th day of March next, fixed, jiay to the order of Messrs. W. A. Violett & Co., five thousand four hundred and ninety-seven dollars, and ninety-five cents, which will subrogate you to all the rights and privileges of the said W. A. Violett & Co., in and to a certain mortgage note drawn by me, for four thousand dollars, with eight per cent, per annum interest, from maturity until paid, bearing date, New Orleans, 15th February, 1860, and payable thirteen months thereafter, which they now hold, and which will be surrendered to you at the time of the above payment. It is distinctly understood that the above arrangement is not made in novation of the last-described paper, but it is to remain in full force until paid off by me, whether it be held by the said W. A. Violett *469 & Co., in default of payment of the above amount or transferred by them, to the acceptors of this instrument, in consideration of payment of the same.”
(Sign ed) “ M.. Babb. ’ ’
“ To Messrs. Levy & Dieter, New Orleans.”
Both of said drafts were paid by the drawers to the payees, and a receipt of the following tenor, is entered on the back of each of them, as follows:
“ Deceived payment of Messrs. Levy & Dieter, January 18th, 1866.”
(Signed) “ W. A. Yiolett & Co,”
The two mortgage notes were delivered to the plaintiffs and exceptors, at the time of payment.
The plaintiffs in injunction, then sued out an order of seizure and sale, which was granted on the grounds:
That he never made in favor of Levy & Dieter any act of mortgage whatever, and that said Levy & Dieter have no mortgage enabling them legally to procure and execute executory process of said Court, they having no mortgage in their favor, and no authentic evidence that they are the owners of any such mortgage; that the granting of three percent, for attorney’s fees, is illegal, etc. He claims damages for attorney’s fees, and also general damages.
The executory proceedings were changed into the via ordinaria..
The District Court gave judgment in favor of plaintiffs, for the amount of the notes and interest, and recognized the special mortgage to secure the payment of said debt, interest and costs, including three per cent, for attorney’s fees. The Court also gave judgment in favor of defendant against plaintiffs, for $500, as damages for attorney’s fees. The defendant appealed.
The plaintiff's have asked in this Court that the judgment be amended, by rejecting that part of the clause allowing $500 to the defendant.
The main question presented is, whether or not, the plaintiffs, on paying the said drafts were subrogated to the creditor’s mortgage securing the payment of said notes, as required by Art. 2156, No. 1, Civil Code, reading thus:
“ When the creditor, receiving his payment from a third person subrogates him in his rights, actions, privileges and mortgages against the debtor, this subrogation must be expressed and made at the same time as the payment. ” ;
It is contended by defendants’ counsel, that there is no express subrogation, and that the receipt goes no further than to acknowledge that the drafts have been paid.
The parties to these drafts are M. Baer, the drawer, W. A. Yiolett & Co., the payees and holders, and Levy & Dieter, the acceptors.
We view and consider these drafts as agreements entered into by all these parties, stipulating that on payment of said drafts, the plaintiffs and acceptors were to be subrogated to the rights and mortgage existing in favor of the payees and holders of the mortgage notes, who, by receiving payment as stated on the back of said drafts, adopted virtually all the clauses and conditions stipulated in the said drafts, as much so as if they had repeated the expression of subrogation in the receipt. The subrogation was conditioned upon the payment of the drafts, and, therer *470 fore, took place by and at the time of payment. The evidence shows that the notes wore delivered to the plaintiffs. We are of opinion that the article of the Code was complied with, and that the plaintiffs were duly subrogated.
As to the allowance of $500 in favor of defendants as damages for attorney’s fees, we know of no law authorizing it, and the judgment must be amended in that respect; otherwise, we are of opinion that the judgment is correct.
It is therefore ordered, adjudged and decreed, that the judgment appealed from be so amended as to strike out that part of the decree allowing the defendant $500 as damages for attorney’s fees; and it is further ordered, that the judgment as amended be affirmed, at the costs of the appellant, M. Baer.